UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTEN CHRISTIANSEN,

    Plaintiff,

    v.                                  CAUSE NO.: 3:18-CV-780-JD-MGG

DOREEN,
STEPHEN TABLER,

    Defendants.

## OPINION AND ORDER

Dusten Christiansen, a prisoner without a lawyer, filed a complaint about being overcharged for dental care and also about being deprived access to a dentist at the Pulaski County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Christiansen is currently an inmate at the Allen County Jail. ECF 3. He complains about things that occurred while he was housed at the Pulaski County Jail. When he arrived at Pulaski on July 31, 2017, he informed Nurse Doreen that he had a couple of broken teeth. Nurse Doreen said that she put him on a list to see the dentist and

Christiansen was charged a $15 co-pay. However, Christiansen was not seen by a dentist for months. As a result of this delay, he continually requested to see the dentist and was charged a co-pay for each request. He was charged co-pays on August 25, 2017, September 5, 2017, and October 13, 2017, before he ever saw a dentist. Christiansen alleges that the Pulaski County Jail Commander Stephen Tabler knew he was being charged too many co-pays, but did nothing about it.

When Christiansen did finally see the dentist, the dentist only offered to pull the damaged teeth. He informed Christiansen that he would not make any tooth repairs. On January 29, 2018, Christiansen again told Nurse Doreen that he needed to see the dentist. He was charged an additional $15 co-pay. However, he was not seen by the dentist during the rest of his stay at Pulaski, which ended on August 21, 2018. When he complained to Nurse Doreen about not being able to see the dentist, she simply suggested he would get dental treatment in prison, after he left Pulaski.

Christiansen first complains that Nurse Doreen intentionally delayed him seeing the dentist at Pulaski. In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs.[1] *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a

---

[1] Christiansen was a pre-trial detainee when these events occurred. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). *See also Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016) (clarifying that *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466 (2015) did not change the applicability of the Eighth Amendment standard to pre-trial detainee deliberate indifference claims).

2

physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Christiansen has alleged a serious medical condition: his broken teeth caused pain for an extended period and required dental treatment.

"[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Giving Christiansen the inferences to which he is entitled at this stage, he has plausibly alleged that Nurse Doreen was deliberately indifferent to a serious medical need with respect to his dental pain. She knew that Christiansen needed to see the dentist, but allegedly stood in the way of him receiving dental care for months. This allegation states a plausible claim of deliberate indifference to Christiansen's serious medical need.[2]

---

[2] In the complaint, Christiansen also expresses dissatisfaction about the dental options he was offered and treatment he received from the dentist. However, there are no allegations that Nurse Doreen was responsible for his dental treatment. The law permits correctional facilities to divide tasks among their employees. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Because Nurse Doreen was not responsible for dental care at the facility, there is no basis to hold her liable in connection with the dental treatment provided by the dentist.

Second, Christiansen complains that he was charged four $15 co-pays when he was suffering from the same dental problem and saw the dentist only one time. He complains that he had to make a co-pay each time he saw Nurse Doreen or requested to see the dentist. According to Christiansen, this is contrary to Pulaski's policy of only collecting one co-pay. Nevertheless, these allegations do not state an Eighth (or Fourteenth) Amendment claim. Although the Constitution guarantees that inmates receive necessary medical care, it does not appear that he has been denied dental care because he was unable to pay. Instead, Christiansen alleges that, as a matter of principle, he should not have been charged multiple times. But, having to choose how to spend a limited amount of money is not unique to inmates and medical co-payment requirements for prisoners are not unconstitutional. *Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997), and *Martin v. DeBruyn*, 880 F. Supp. 610, 615 (N.D. Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997) (The Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care).

To the extent Christiansen claims the defendants wrongfully took his money by charging multiple co-pays, he would have to pursue state remedies. Though the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law", a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's

4

action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Thus, any property loss claim will be dismissed without prejudice so that he can pursue it in state court.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Nurse Doreen for delaying the receipt of dental treatment at the Pulaski County Jail from July 31, 2017 through August 21, 2018, in violation of the Fourteenth Amendment;

(2) DISMISSES any and all other claims contained in the complaint;

(3) DISMISSES Stephen Tabler as a defendant;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Nurse Doreen at the Pulaski County Jail with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Doreen respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 13, 2018

                                                    /s/ JON E. DEGUILIO
                                                    JUDGE
                                                    UNITED STATES DISTRICT COURT